1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney

2  BRIAN J. STRETCH (CABN 163973)
3  Chief, Criminal Division

4  STACEY P. GEIS (CABN 181444)
   Assistant United States Attorneys
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102
       Telephone: (415) 436-7126
7      Facsimile:  (415) 436-7234
       E-Mail: Stacey.Geis@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| DANIEL DAVID, | ) | No.  CR 02-0062 SI |
| | ) | C 07-04081 SI |
| Petitioner, | ) | |
| | ) | |
| v. | ) | UNITED STATES' RESPONSE TO |
| | ) | MOTION PURSUANT TO 28 U.S.C. |
| HARLEY G. LAPPIN, | ) | §2255 TO VACATE, SET ASIDE, OR |
| | ) | CORRECT SENTENCE |
| Respondent. | ) | |

RESPONSE TO § 2255 MOTION
[CR 02-0062 SI] [C 07-04081 SI]

**TABLE OF CONTENTS**

I. Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A. David is procedurally barred from raising the three claims remaining in his
       § 2255 motion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       1.    David never stated there was a *Brady* issue or newly discovered
            evidence on direct appeal and is unable to show cause and prejudice
            or innocence in order to overcome this procedural defect.. . . . . . . . . . . . . . . . 3

       2.    David's third claim – that there was insufficient evidence to convict –
            must fail as David already raised this issue unsuccessfully on direct appeal.. . . . 8

III. Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Bousley v. United States*, 523 U.S. 614 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Brady v. Maryland*, 37 U.S. 83 (1963). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*Calderon v. Thompson*, 523 U.S. 538 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Carriger v. Stewart*, 132 F.3d 463 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Davis v. United States*, 417 U.S. 333 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Herrera v. Collins*, 506 U.S. 390 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Jeffries v. Wood*, 114 F.3d 1484 (9th Cir. 1997) (en banc). . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Jones v. United States*, 178 F.3d 790 (6th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Murray v. Carrier*, 477 U.S. 478 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Odom v. United States*, 455 F.2d 159 (9th Cir. 1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Schlup v. Delo*, 513 U.S. 298 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*United States v. Alesander*, 106 F.3d 874 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Braswell*, 501 F.3d 1147 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*United States v. Currie*, 589 F.2d 993 (9th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. David*, 197 Fed. Appx. 564 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*United States v. Frady*, 456 U.S. 152 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

*United States v. Hayes*, 231 F.3d 1132 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Houser*, 804 F.2d 565 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Johnson*, 297 F.3d 845 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Johnson*, 988 F.2d 941 (9th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Redd*, 759 F.2d 699 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Scrivener*, 189 F.3d 825 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## FEDERAL STATUTES

18 U.S.C. § 1341. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7, 8

18 U.S.C. § 1342. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 1956(a)(1)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

STACEY GEIS (CABN 181444)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7126
    Facsimile: (415) 436-7234
    E-Mail: Stacey.Geis@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL DAVID,<br><br>    Petitioner,<br><br>v.<br><br>HARLEY G. LAPPIN,<br><br>    Respondent. | No.  CR 02-0062 SI<br>       C 07-04081 SI<br><br>UNITED STATES' RESPONSE TO MOTION PURSUANT TO 28 U.S.C. §2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE |

## I. Introduction

Petitioner Daniel David ("David") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, alleging the following four grounds for relief. First, he alleges that the prosecution violated the rule in *Brady v. Maryland*, 373 U.S. 83 (1963), by not disclosing at trial that the long-distance carriers were not "financial victims" and that there was thus no "true victim who had parted with money." Second, he contends that the government's admission of this same fact at sentencing constitutes newly discovered evidence. Third, he claims that this acknowledgment amounted to a variance between the allegations in David's indictment and the proof presented at trial. Fourth, he alleges that the evidence presented at trial was insufficient to sustain his conviction in light of this new information regarding who the financial victims in the

case were.  In its January 8, 2008 Order, this Court dismissed David's variance claim as wholly lacking merit.  The Court nonetheless ordered the government to respond to the remaining three claims since the Court found that, liberally construed, the three claims were not patently frivolous.

As shown below, David is not entitled to relief under § 2255.  David is procedurally barred from raising any of the remaining issues as David either could have raised each of these issues on direct appeal and did not, or he already did raise the issue on direct appeal and was denied relief.  Moreover, David cannot make the requisite showing of cause and prejudice or a colorable claim of actual innocence in order to overcome this procedural default.  Lastly, while procedurally barred, David's claims nonetheless lack merit as they rely on a complete misrepresentation of the facts of this case, both as presented at trial, as well as at sentencing and on direct appeal.  Accordingly, his petition should be denied.

**II. Background**

The facts underlying David's conviction are not in dispute.[1]  In brief, in or about and between April 1998 and April 2000, Daniel David and Scott Nisbet leased 23 payphone lines ("Leased Payphone Lines") from Pacific Bell using the fictitious names Bill Jansen and Dave Jacobs.  On April 22, 1998, Nisbet rented office space at 139 Mitchell Ave, #107, South San Francisco, California.  David and Nisbet arranged for Pacific Bell to install the Leased Payphone Lines at 139 Mitchell Avenue.  The defendants did not disclose to Pacific Bell and the long distance carriers that they did not intend to and in fact did not attach payphones or any other telephone to the Leased Payphone Lines.

In May 1998, Nisbet purchased an autodialer.  The defendants programmed and operated the autodialer to make calls to the toll-free numbers from the Leased Payphone Lines so they could collect a portion of the fees the toll-free number owners paid the long distance carrier whenever a toll-free call was made.  The defendants did not disclose to Pacific Bell and the long distance carriers the material fact that thousands of calls made to the toll-free numbers over the

---

[1] The facts supporting David's conviction are taken from the government's brief in the court of appeals, which contains citations to the trial record, and is attached hereto.

RESPONSE TO § 2255 MOTION
[CR 02-0062 SI] [C 07-04081 SI              2

Leased Payphone Lines were made by an autodialer as opposed to actual callers using payphones. They also did not disclose that the autodialer would be used to call thousands of toll-free subscribers with the purpose of hanging up once the call was answered. The thousands of toll-free number owners not only lost money every time the autodialer called their specific toll free number, but the owners also had to experience the inconvenience and hassle of a hang-up call.

David and Nisbet rented a mailbox at Mail & More in Scottsdale, Arizona under the fictitious names of Bill Jansen and Dave Jacobs using a fictitious notary stamp. The defendants directed long distance telephone carriers and their representatives, through Pacific Bell, to mail their checks for the fees accumulated by the fraudulent calls to this mailbox. In a matter of weeks, the defendants received a total of $444,198.91 for the thousands upon thousands of toll-free number calls they made on the autodialer. David laundered the proceeds of this fraud through an unsuspecting family attorney.

In 2004, David was convicted by a jury of his peers of violating 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1342 (use of a fictitious name for the purpose of conducting a fraudulent scheme), and 18 U.S.C. § 1956(a)(1)(B) (money laundering). He was sentenced on May 6, 2005 to thirty (30) months in prison, and ordered to pay $444,198.91 in restitution. The Ninth Circuit affirmed his conviction on August 9, 2006, rejecting David's numerous claims, including that the evidence was insufficient to support his conviction. *See United States v. David*, 197 Fed.Appx. 564 (9th Cir. 2006).

## II. Argument

**A.    David is procedurally barred from raising the three claims remaining in his § 2255 motion.**

    1.    <u>David never stated there was a *Brady* issue or newly discovered evidence on direct appeal and is unable to show cause and prejudice or innocence in order to overcome this procedural defect.</u>

David claims, for the first time in his § 2255 petition, that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to disclose, until the time of sentencing, that it was the toll-free subscribers who actually lost money in this scheme, not the telephone companies. David claims this information was never made available to him at trial, only at sentencing. Thus,

he alleges a *Brady* violation, which constitutes his first claim for relief in his § 2255 petition. David also argues this "new evidence" constitutes newly discovered evidence not brought out at trial and which would have changed the outcome of his trial. This newly discovered evidence constitutes his second claim for relief in his § 2255 petition. David's first and second claims fail for the same reasons.

First and foremost, David readily admits that this "new" information was made available to him, at a minimum, by the time of his sentencing. Thus, David could have raised this issue with the Ninth Circuit on direct appeal. David's appellate attorney, Mr. Dennis Riordan, a well-known, highly-respected appellate lawyer, handled <u>both</u> David's sentencing and Ninth Circuit appeal. Mr. Riordan was well aware of the government's position regarding which of the victims were entitled to restitution, and which victims were not.[2] Mr. Riordan could have raised an alleged *Brady* issue with the Ninth Circuit on direct appeal or argued to the Ninth Circuit that there was newly discovered evidence not available at trial. He did neither. Mr. Riordan most likely did not raise these issues on direct appeal, because he knew there was no *Brady* violation or newly discovered evidence.

In order to raise a claim upon collateral review that was not raised on direct appeal, a petitioner must show both cause excusing his procedural default as well as actual prejudice stemming from the claim of error. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). David can show neither. Cause may be available when a petitioner's claim rests upon a legal or

---

[2] David bases most of his § 2255 petition on the fact that the government at sentencing properly informed the Court which of the victims in this case were entitled to restitution. As the Court is well aware, not all victims of a fraud are entitled to restitution. A victim must suffer actual, financial loss to be entitled to restitution. Contrary to what David asserts in his § 2255 petition, it was clear even during trial that it was the toll-free subscribers who wrongfully parted with money, not the telephone companies, because of David's fraudulent scheme. *See e.g.,* Reporter's Transcript of Proceedings ("RT") 228; RT 423-424, 431; RT 811. The telephone companies were deceived by the fraud, as were the toll free subscribers, but they did not suffer a financial loss. Accordingly, they were not entitled to restitution. The government did not present any "new" information at sentencing; it only informed the Court of the proper distinction between the two victims. The government also informed the Ninth Circuit of this distinction, *see* Appellee's Brief ("AB") at 24 n. 18, although David conveniently misconstrues that effort as the creation of a new class of victims. With this information, the Ninth Circuit affirmed the conviction. *United States v. David*, 197 Fed. Appx. 564 (9th Cir. 2006).

RESPONSE TO § 2255 MOTION
[CR 02-0062 SI] [C 07-04081 SI            4

1  factual basis that was unavailable at the time of direct appeal, or where interference by officials
2  might have prevented the claim from being brought earlier. *United States v. Braswell*, 501 F.3d
3  1147, 1150 (9th Cir. 2007). As shown above, both the alleged *Brady* claim and newly
4  discovered evidence claim were clearly available to David at the time of direct appeal. Indeed,
5  most of the information David claims was suppressed was available to David even during trial.[3]
6  Mr. Riordan, a highly competent appellate lawyer, chose not to raise such claims on direct
7  appeal. Even if Mr. Riordan somehow failed to recognize the legal or factual basis for either the
8  *Brady* claim or newly discovered evidence claim at the time of direct appeal, or failed to raise
9  those claims despite recognizing them, such a failure does not constitute cause for purposes of
10 overcoming his failure to raise the issue on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 487
11 (1986). Lastly, there is no evidence that the prosecution or other officials somehow interfered
12 with the claim being brought earlier. As noted, the information that it was the toll-free
13 subscribers who actually lost money in this scheme was clearly available to David during trial.
14 Indeed, it is clear from the trial transcript that David was aware of that fact all along. (*See e.g.*
15 RT 80-82.) Because this information was available to David prior to his direct appeal, and the
16 government did not interfere in any way with his ability to use that information, David cannot
17 show cause for his failure to raise his first and second grounds for relief on direct appeal.
18      David's first two claims must also fail because he cannot demonstrate actual
19 prejudice. "Actual prejudice" requires a showing that the alleged error worked to the
20 defendant's actual and substantial disadvantage, "infecting his whole trial with error of
21 constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). David has
22 failed to demonstrate that the alleged errors "worked to his actual disadvantage at trial in
23 any way, such as by making it difficult to prepare a defense to the charges against him."

---

[3] Interestingly, David's own defense at trial acknowledged that it was the toll-free subscribers, not the telephone companies, who parted with money when a toll-free call was made. RT 80-82. David's principle defense at trial was that he lacked the intent to defraud because the goal of his operation was not to make money but rather to conduct a survey to ensure that the long distance telephone companies were paying a fair share of their profits to pay phone operators.

RESPONSE TO § 2255 MOTION
[CR 02-0062 SI] [C 07-04081 SI                5

1  *Braswell,* 501 F.3d at 1150.  David had unimpeded access to all of the underlying facts
2  supporting his first and second claims in his §2255 petition at trial.  Furthermore, even
3  assuming that David had chosen to present the allegedly suppressed information as part of
4  his original defense, which the government contends he did, it is unlikely that the verdict
5  would have differed.  Despite his contentions, the record shows that the government did
6  not present the long-distance carriers as having lost money as a result of David's acts.
7  The regulatory scheme governing pay phones was explained extensively at trial as a
8  necessary background to the case.  (RT 167-169; RT 420-23.)  It was clear that it was the
9  toll-free subscribers rather than the long-distance carriers who were damaged *financially*
10 by the fraud.  Accordingly, David is incorrect in his § 2255 petition when he states that
11 there was no "true victim who had parted with money."  It was clear at trial who the
12 "financial victims" were – it was the toll-free subscribers.  The jurors that returned
13 David's guilty verdict were well aware that the long-distance telephone companies did
14 not lose money as a result of David's actions, and they chose to convict him regardless of
15 that fact.

     If a petitioner cannot show both cause and prejudice, he may make a claim of actual innocence in order to overcome procedural default.  *Bousley v. United States*, 523 U.S. 614, 622 (1988).  Claims of actual innocence are evaluated under one of two standards. Freestanding claims of innocence–that is, claims of innocence alleged independent of underlying constitutional violations–are evaluated under *Herrera v. Collins*, 506 U.S. 390 (1993).  The burden on petitioners making freestanding claims of innocence is "extraordinarily high," as the petitioner must affirmatively prove that he is probably innocent.  *Carriger v. Stewart,* 132 F.3d 463, 476 (9th Cir. 1997).  So-called gateway claims of innocence, on the other hand, allow the Court to consider a petitioner's motion on the basis of an alleged constitutional violation, and are evaluated under the less demanding threshold of *Schlup v. Delo*, 513 U.S. 298 (1995).  Under *Schlup*, a petitioner must prove that in light of all the evidence, it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt.  *Carriger*, 132

F.3d at 478. However, whether David's claims are evaluated under either *Herrera* or *Schlup*, the result is the same. He cannot meet even the lower standard imposed by *Schlup*, let alone the high burden of proof required by *Herrera*.

Upon closer examination of David's claim, it becomes clear that he is not alleging actual innocence of the crime of fraud, but rather legal innocence. David's contention is not that he failed to perform the acts alleged against him, but rather that these acts were insufficient under the legal theory of convergence to amount to fraud. A showing of legal innocence is insufficient to overcome procedural default. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). A claim of actual, or factual innocence requires a showing of reliable evidence sufficient to undermine that which was shown at trial. *Id.*, *see also Schlup*, 513 U.S. at 324. David has not introduced any evidence not present at trial. In fact, as stated above, most of the evidence he presents in support of his new claims comes from statements made *at* trial.

Even assuming that David is alleging factual rather than legal innocence, the evidence as it exists is more than sufficient to convince a reasonable juror of David's guilt as required by *Schlup*. In order to prove mail fraud under 18 U.S.C. § 1341, the evidence must establish that David "(1) participated in a scheme with the intent to defraud, and (2) that the scheme used or caused the use of mails in furtherance of the scheme." *United States v. Johnson*, 297 F.3d 845, 870 (9th Cir. 2002). At trial, the government provided ample evidence that David participated in a scheme with the intent to defraud Pacific Bell, long-distance telephone carriers, and toll-free subscribers by misrepresenting themselves as legitimate payphone service providers. The prosecution showed that David, in participation with co-defendant Nisbet, purchased telephone lines from Pacific Bell using false names and falsely representing to Pacific Bell that said lines were for use with payphones (RT 309-10, 326, 334; RT 399; RT 556), used an autodialer to continuously make toll-free telephone calls, thereby maximizing his profit (RT 237; RT 597-98), set up an out-of-state mailbox using more false names for the purpose of receiving reimbursement checks from the long distance carriers (RT 308-09), created sham corporations in Nevada to further mask their activities (RT 397-403), and laundered the money they obtained from said

RESPONSE TO § 2255 MOTION
[CR 02-0062 SI] [C 07-04081 SI]                    7

1  reimbursements through an unsuspecting friend.  (RT 440-52.)  David does not attempt to
2  rebut any of the evidence presented by the government on these points; in fact, he
3  admitted to most of the factual allegations made against him at trial in his direct appeal.
4  (Appellant's Opening Brief ("OB") at 10.)  As at trial, the totality of the evidence is more
5  than sufficient for a reasonable juror to conclude that David's actions met the elements of
6  18 U.S.C. § 1341.

7  In summary, because David did not raise his first and second grounds for relief on
8  direct appeal and can neither now show cause and prejudice for his default or make a
9  colorable claim of actual innocence, his *Brady* and new evidence claims should be
10 denied.

        2.    David's third claim – that there was insufficient evidence to convict – must
12            fail as David already raised this issue unsuccessfully on direct appeal.

13 In the Ninth Circuit, the law "is clear that when a matter has been decided
14 adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion."
15 *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972); *see United States v. Hayes*,
16 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been
17 given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis
18 for a subsequent § 2255 petition."); *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985)
19 (claim raised and rejected on direct appeal "cannot be the basis of a § 2255 motion"); *United*
20 *States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979) ("Issues disposed of on a previous direct
21 appeal are not reviewable in a subsequent § 2255 proceeding."); *see also United States v. Frady*,
22 456 U.S. 152, 164 (1982) ("Once the defendant's chance to appeal has been waived or exhausted
23 . . .we are entitled to presume he stands fairly and finally convicted, especially when, as here, he
24 already has had a fair opportunity to present his federal claims to a federal forum.").
25 ///
26 ///
27 ///
28 ///

RESPONSE TO § 2255 MOTION
[CR 02-0062 SI] [C 07-04081 SI                    8

David's Section 2255 petition states his fourth ground for relief as follows:

> "[H]ad the government's actual theory of the case naming AT&T and the LD carriers as non-victims been known earlier, the jury would have been forced to deal with a problem of a lack of "convergence" between the persons for whom misrepresentations were made (AT&T and others) and the toll free subscribers who received no communication from David except for a content-free one second phone call.... courts generally follow a convergence theory under which the parties to whom misrepresentations were made are identical to the victims... And where a scheme does not cause actual harm to victims, the government must produce evidence independent of an alleged scheme to show a defendant's fraudulent intent to support a conviction for mail fraud.

(Petition for Writ of Habeas Corpus ("PET") 27-28.)  This claim for relief is exactly the same as the argument David made unsuccessfully to the Ninth Circuit.  Specifically, David argued to the Ninth Circuit the following:

> [T]he government's theory was simply not supported by the evidence.... No misrepresentation by David to the subscribers was proven at trial.... [The government did not] present sufficient evidence, indeed any evidence, that the phone companies suffered a loss of money or property due to any act of deception on the part of Mr. David or that the phone companies were intended victims of his conduct. Consequently, the government's theory that the phone companies were intended victims, like its theory that the subscribers were deceived, cannot function as a valid basis to uphold the conviction."

(OB 29-32.)

The basis for David's fourth claim is simply a rewording of the first ground for relief that he put forth unsuccessfully in his direct appeal.  Implicit in each of the above arguments is the following:  That the case against David fails for want of "convergence" between the party monetarily disadvantaged by the defendant's conduct and the party to whom specific misrepresentations were made.  The Ninth Circuit already considered and rejected this argument. *See* 197 Fed. Appx. at 2.  "A § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *see Davis v. United States*, 417 U.S. 333, 345 (1974) (allowing relitigation of claim based on intervening change in the law).  David raises no new facts in this proceeding or an intervening change in law that would constitute the "exceptional circumstances" warranting relief from the rule barring claims that have already been litigated on direct appeal.  Again, as shown earlier, what he claims is new information was always available to him both at trial and on direct appeal.

RESPONSE TO § 2255 MOTION
[CR 02-0062 SI] [C 07-04081 SI                 9

In addition, as the Ninth Circuit held in *United States v. Scrivener*, 189 F.3d 825, 827-28 (9th Cir. 1999), the "law of the case" doctrine raises a separate barrier to claims that have been raised and decided in David's prior appeal. As *Scrivener* explains, that doctrine prevents a district court from reconsidering questions that have been decided by an appellate court in the same case unless "(1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would result." *Scrivener*, 189 F.3d at 827 (quoting *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)); *see also United States v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986) (explaining law-of-the-case doctrine).[4] David cites no authority that would allow him to overcome *Scrivener*, nor does he contend that any of the exceptions to the rule would apply in his case. Moreover, as shown above, David fails to present any new evidence that would change the analysis already conducted by the Ninth Circuit. There was never a "lack of a victim" in this case. It was always clear that the toll-free subscribers were the financial victims in this case, and that both the toll-free subscribers and the telephone companies were deceived by the fraud. The evidence he argues is "new" is simply a misstatement of facts already available to David, both at trial and on direct appeal. The Ninth Circuit already considered David's argument that there was not a proper convergence between the party that was deceived and the party that suffered a monetary loss, and outright rejected it.

David has fully litigated this issue in the Ninth Circuit, and, again, he offers no reason why the prior resolution of this issue should be ignored. Accordingly, David's claim regarding sufficiency of the evidence should be denied on the ground it seeks to litigate an issue that was raised and rejected on direct appeal.

///
///
///
///

---

[4] A court has limited discretion to decline to follow the law of the case doctrine. *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc).

RESPONSE TO § 2255 MOTION
[CR 02-0062 SI] [C 07-04081 SI                   10

III. **Conclusion**

For the foregoing reasons, the government submits that David is procedurally barred from raising each of his three remaining claims, and respectfully requests that the Court deny each of the remaining claims with prejudice.

DATED: March 6, 2008                     JOSEPH P. RUSSONIELLO
                                         United States Attorney


                                          /S/ Stacey P. Geis
                                         STACEY P. GEIS
                                         Assistant United States Attorney

RESPONSE TO § 2255 MOTION
[CR 02-0062 SI] [C 07-04081 SI              11