Westlaw.

197 Fed.Appx. 564
197 Fed.Appx. 564, 2006 WL 2277931 (C.A.9 (Cal.))
(Cite as: 197 Fed.Appx. 564)

Page 1

**H**
U.S. v. David
C.A.9 (Cal.),2006.
This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36-3.)
United States Court of Appeals,Ninth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel DAVID, Defendant-Appellant.
No. 05-10340.

Submitted July 28, 2006.[FN*]

FN* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).
Filed Aug. 9, 2006.

**Background:** Defendant was convicted in the United States District Court for the Northern District of California, Susan Yvonne Illston, J., of mail fraud. Defendant appealed.

**Holdings:** The Court of Appeals held that:

(1) evidence was sufficient to support conviction;

(2) government was not required to prove any specific false statements;

(3) indictment was not constructively amended at trial;

(4) district court did not abuse its discretion in denying motion to compel immunity for former co-defendant; and

(5) defendant failed to demonstrate entitlement to continuance to obtain testimony of former co-defendant.

Affirmed.

West Headnotes

**[1] Postal Service 306 €⇒49(11)**

306 Postal Service
　306III Offenses Against Postal Laws
　　306k49 Evidence
　　　306k49(8) Weight and Sufficiency
　　　　306k49(11) k. Use of Mails to Defraud. Most Cited Cases
Evidence that defendant devised scheme with intent to defraud and used the mails to execute that scheme was sufficient to support conviction of mail fraud.

**[2] Postal Service 306 €⇒35(11.1)**

306 Postal Service
　306III Offenses Against Postal Laws
　　306k35 Use of Mails to Defraud
　　　306k35(11) False Pretenses or Representations
　　　　306k35(11.1) k. In General. Most Cited Cases
Government was not required to prove any specific false statements in order to obtain conviction of mail fraud.

**[3] Criminal Law 110 €⇒798(.7)**

110 Criminal Law
　110XX Trial
　　110XX(G) Instructions: Necessity, Requisites, and Sufficiency
　　　110k798 Manner of Arriving at Verdict
　　　　110k798(.7) k. Unanimity as to Facts, Conduct, Methods, or Theories. Most Cited Cases
Unanimity instruction was not required in prosecution for mail fraud, where only one scheme to defraud was presented to jury.

**[4] Indictment and Information 210 €⇒159(2)**

210 Indictment and Information
　210XI Amendment

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

197 Fed.Appx. 564  
197 Fed.Appx. 564, 2006 WL 2277931 (C.A.9 (Cal.))  
**(Cite as: 197 Fed.Appx. 564)**

Page 2

    210k158 Indictment  
      210k159 In General  
        210k159(2) k. Accusation in General. Most Cited Cases  
Indictment charging defendant with mail fraud was not constructively amended at trial, where scheme to defraud theory was charged in indictment, evidence of scheme was presented during trial, and instructions addressed scheme to defraud.

**[5] Postal Service 306 ⚖⇒35(11.1)**

306 Postal Service  
    306III Offenses Against Postal Laws  
      306k35 Use of Mails to Defraud  
        306k35(11) False Pretenses or Representations  
          306k35(11.1) k. In General. Most Cited Cases  
Materiality was not element of offense of use of a false name to commit mail fraud. 18 U.S.C.A. § 1342.

**[6] Criminal Law 110 ⚖⇒706(7)**

110 Criminal Law  
    110XX Trial  
      110XX(E) Arguments and Conduct of Counsel  
        110k705 Presentation of Evidence  
          110k706 For Prosecution  
            110k706(7) k. Calling Witnesses; Compelling Assertion of Privilege or Immunity. Most Cited Cases  
District court did not abuse its discretion in denying motion of defendant charged with mail fraud to compel immunity for his former co-defendant.

**[7] Criminal Law 110 ⚖⇒597(1)**

110 Criminal Law  
    110XIX Continuance  
      110k588 Grounds for Continuance  
        110k597 Credibility and Probable Effect of Expected Testimony  
          110k597(1) k. In General. Most Cited Cases  
Defendant charged with mail fraud failed to demonstrate entitlement to continuance to obtain testimony of his former co-defendant, especially where defendant presented contradictory positions to district court regarding portent of former co-defendant's testimony.

*565 Hannah Horsley, Esq., Stacey P. Geis, USSF-Office of The U.S. Attorney, San Francisco, CA, for Plaintiff-Appellee.  
Dennis P. Riordan, Esq., Riordan & Horgan, San Francisco, CA, for Defendant-Appellant.

Appeal from the United States District Court for the Northern District of California, Susan Yvonne Illston, District Judge, Presiding. D.C. No. CR-02-00062-SI.

Before: SILVERMAN and RAWLINSON, Circuit Judges, and BERTELSMAN,[FN**] Senior District Judge.

    FN** The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

MEMORANDUM [FN***]

    FN*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

**1 [1] 1. There was sufficient evidence to support Daniel David's (David) mail fraud conviction. The government was not required to prove any specific false statements, only that David devised a scheme with the intent to defraud, and used the mails to execute that scheme. *See United States v. Woods,* 335 F.3d 993, 998 (9th Cir.2003). David's "convergence" argument fails because the scheme to defraud necessarily encompassed both the sup-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

197 Fed.Appx. 564                                                                                                                Page 3
197 Fed.Appx. 564, 2006 WL 2277931 (C.A.9 (Cal.))
(Cite as: 197 Fed.Appx. 564)

plier of the payphone lines as well as the 800-number subscribers.

*566 2. The district court properly rejected David's proffered jury instructions and verdict forms. See United States v. Goland, 959 F.2d 1449, 1453 (9th Cir.1992) ("A trial judge may refuse an instruction if its language gives undue emphasis to defendant's version of the facts rather than being a statement of appropriate principles of the law for the jury to apply the facts, or if it would tend to influence the jury toward accepting the defendant's version of the facts.") (citation, internal quotation marks, and alteration omitted).

[2] The instructions properly stated the requisite elements for a mail fraud offense, as the government was not required to prove any specific false statements. See Woods, 335 F.3d at 998.

[3] No unanimity instruction was required, because only one scheme to defraud was presented to the jury. See United States v. Jackson, 72 F.3d 1370, 1383 (9th Cir.1995).

[4] 3. There was no constructive amendment of the indictment. The scheme to defraud theory was charged in the indictment; evidence of the scheme was presented during trial; and the instructions addressed the scheme to defraud. See Woods, 335 F.3d at 1000.

[5] 4. David failed to establish that 18 U.S.C. § 1342, prohibiting the use of a false name to commit mail fraud, contains a materiality requirement. See United States v. Wells, 519 U.S. 482, 491, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997). Therefore, there was no requirement that the indictment include a materiality element. See United States v. Hinton, 222 F.3d 664, 672 (9th Cir.2000) ("In essence, a legally sufficient indictment must state the elements of the offense charged ...") (citation omitted).

5. The district court properly rejected David's proffered jury instruction purporting to explain 47 U.S.C. § 227, the "autodialer statute," because it was "not legally accurate." United States v. Hicks, 217 F.3d 1038, 1045 (9th Cir.2000).

[6] 6. The district court did not abuse its discretion when it denied David's motion to compel immunity for his former co-defendant. See United States v. Whitehead, 200 F.3d 634, 640 (9th Cir.2000) ("The fact-finding process is intentionally distorted where the prosecutor intentionally causes the witness to invoke the Fifth Amendment privilege or grants immunity to a witness in order to obtain testimony, while denying immunity to a defense witness whose testimony would directly contradict that of the government witness.") (citation, internal quotation marks, and alteration omitted).

**2 [7] 7. The district court also did not abuse its discretion in denying David's motion for a continuance, particularly given David's contradictory positions before the district court regarding the portent of his co-defendant's testimony. See United States v. Sukumolachan, 610 F.2d 685, 687 (9th Cir.1980); see also United States v. Wills, II, 88 F.3d 704, 711 (9th Cir.1996) ("The decision to grant or deny a requested continuance lies within the broad discretion of the district court, and will not be disturbed on appeal absent clear abuse of that discretion.") (citation omitted).

**AFFIRMED.**

C.A.9 (Cal.),2006.
U.S. v. David
197 Fed.Appx. 564, 2006 WL 2277931 (C.A.9 (Cal.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.