Charles F. A. Carbone, Esq.  (SBN 206536)
LAW OFFICES OF CHARLES CARBONE
3128 16TH Street
PMB 212
San Francisco, CA 94103
Tel: 415-981-9773
Fax: 415-981-9774



FILED
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re DANIEL DAVID,                )   C. C 07 4081
   Petitioner,                    )
v.                                 )
                                   )
Harley G. Lappin, Director of BOP, )   **PETITION FOR WRIT OF**
                                   )   **HABEAS CORPUS**
                                   )
   Respondent.                    )

### I. INTRODUCTION

Petitioner Daniel David (hereafter "David") is a prisoner at Taft Correctional Center under the jurisdiction of the Bureau of Prisons serving a sentence of thirty months for a 2004 conviction for mail fraud (18 U.S.C § 1341), use of a fictitous name for the purpose of conducting a fraudulent scheme (18 US.C. § 1342); and money laundering (18 U.S.C. § 1956(a)(1)(B)(l)).

Petitioner challenges the validity and lawfulness of his conviction under 28 U.S.C. §§2254(a), 2255, because the conviction was fatally marred by prosecutorial misconduct – namely, Brady violations -- variance claims, and the discovery of new evidence, each which

David was convicted of several crimes involving fraud including mail fraud (18 U.S.C. §§ 1341 and 2) and using a fictitious name for purpose of conducting a fraudulent scheme and aiding an abetting in violation of §§ 1341 and 2. Each of these crimes involves elements of fraud as their predicate acts. And as such, each requires that there either be a causal connection between the victim and the deceived or that there was a quantifiable loss of some nature to a victim.

With the lack of an actual victim now established, the sufficiency of the evidence relied upon to support David's criminal convictions for crimes involving fraud is paper thin. The standard of review for a claim of sufficiency of the evidence is based on whether jurors could have reasonably arrived at their conclusion given the evidence presented. U.S. v. Larios (9th Cir. 1981) 640 F. 2d. 938. The question presented by a sufficiency of evidence claim is whether the court is satisfied that jurors reasonably could decide the guilt of the defendant. U.S. v. Rich (9th Cir. 1978) 580 F. 2d. 929; and U.S. v. Kaplan (9th Cir. 1977) 554 F. 2d 958. And this test is exactly the same for direct appeals as it is on habeas review. Mikes v. Borg (9th Cir. 1991) 947 F. 2d. 353.

David was convicted of crimes relating to mail fraud and use of a fictitious name for purpose of conducting a fraudulent scheme. On their face, and as part of the statutory language both crimes involve the element of fraud. For David, had the government's actual theory of the case naming AT&T and the LD carriers as non-victims been know earlier, the jury would have been forced to deal with a problem of a lack of "convergence" between the persons for whom misrepresentations were made (AT&T and others) and the toll free subscribers who received no communication from David except for a content-free one second phone call, and yet who paid money to their LD carrier directly and David indirectly. As noted, the toll-free subscribers were

under no regulatory obligation or mandate to directly pay the LD carrier as such fees are set and imposed only by market forces; and by implication, the toll-free subscribers were under no regulatory or market driven requirement to pay David indirectly or directly the cost of the payphone surcharge. David can not be said to have known with any quantum of certainty that these fees would be paid or that the toll-free subscriber need part with money to cover fees imposed at the LD carrier's discretion. In a strong showing of how evidence presented at sentencing – rather than at trial – was insufficient to warrant a conviction involving fraud, courts generally follow a convergence theory under which the parties to whom misrepresentations were made are identical to the victims. U.S. v. Brennan (E.D.N.Y. 1996) 938 F. Supp. 1111, *reversed* 183 F. 3d. 139. The preferred rule on convergence in fraud cases is to require convergence of identity of the injured and the deceived in order to establish violation of mail and wire fraud statutes. Lifschultz Fast Freight Inc. v. Consolidated Freightways Corp. of Delaware (D.S.C. 1992) 805 F.Supp. 1277, *affirmed* 998 F. 2d. 1009, *cert. denied* 114 S. Ct. 553, 510 U U.S. 993, 126 L.Ed. 2d. 454. And where a scheme does not cause actual harm to victims, the government must produce evidence independent of an alleged scheme to show a defendant's fraudulent intent to support a conviction for mail fraud. U.S. v. Jain (8 Cir. 1996) 93 F. 3d. 436, *rehearing denied, certiorari denied* 117 S. Ct. 2452, 520 U.S. 1273, 138 L.Ed. 2d 210. Here, however, the government could show neither convergence between those who were arguably deceived and those who suffered a financial loss by David's conduct. To the contrary, David testified at trial that his intent was far from fraudulent. His intent was to conduct a survey of the pay rate of the LD industry for the pay phone surcharge. (RT at 130, 618-620, 664, 666, and 727) This can hardly be said to constitute a fraudulent intent by David to have victims depart with money via mis-representations. Hence, the combination of a lack of an independently proven fraudulent